# THE DISTRICT OF COLUMBIA *v.* ALLEN.

TAXATION; REASSESSMENT.

A judgment vacating a reassessment of a portion of the cost of
  street improvements on abutting property, *reversed; following*
  Dist. of Col. v. Wormley, *ante*, p. 58.

No. 886.  Submitted May 2, 1899.  Decided June 6, 1899.

HEARING on an appeal by the District of Columbia from
a judgment of the Supreme Court of the District of Colum-
bia, vacating a reassessment rendered on the return to a
writ of *certiorari*.   *Reversed.*

*Mr. S. T. Thomas*, Attorney for the District of Columbia,
and *Mr. A. B. Duvall*, Assistant Attorney, for the appellant.

*Mr. D. W. Baker, Mr. John C. Gittings* and *Mr. Malcolm
Hufty* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment rendered on the re-
turn to a writ of *certiorari*, vacating a reassessment for a
part of the cost of certain street improvements.

The question upon which this case turns is that involved
in No. 885—*District of Columbia* v. *Wormley, ante*, p. 58—
though the work was not done at the same time or under
the same special authority; and it was heard and sub-
mitted therewith.

Petitioner's lots front on Twentieth street in the city of
Washington as described in the petition and in the return
of the special assessment.   The original assessment was for
one-third of the cost of pavement and sidewalks constructed
by the District authorities, and was made under the pro-
visions of an Act of Congress approved December 19, 1871

directing the assessment to be made in accordance with the requirements of the thirty-seventh section of the act to provide a government for the District of Columbia, approved February 21, 1871.

That section of the act vests the Board of Public Works with the control and improvement of the streets of the city of Washington, and provides for a special assessment "upon property adjoining and to be specially benefited by the improvements authorized by law and made by them, a reasonable proportion of the cost of the improvement not exceeding one-third of said cost, which sum shall be collected as all other taxes are collected." 16 Stat. 427.

The said assessment was vacated by a judgment of the Supreme Court of the District as alleged, "on account of no notice having been given to the property holder prior to the making of said improvement, or at any other time except by service of bills for said work."

The reassessment was had by formal proceedings similar to those recited in *Dist. of Col.* v. *Wormley,* under the authority of the act of April 24, 1896.

For the reasons given in the opinion in that case, we think that the reassessment herein was legally made. The judgment appealed from will therefore be reversed, with costs, and the cause remanded to the court below, with direction to quash the writ of *certiorari* and dismiss the petition.

                                        *Reversed.*